UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHELL LORENA PERDOMO AMAYA, A-240-875-820,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-3033 DC AC

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed below, the undersigned recommends petitioner's petition be granted, petitioner be immediately released, and respondents be enjoined from unlawfully re-arresting or re-detaining petitioner.

I. Factual Background

Petitioner is a native and citizen of Colombia. ECF No. 1 at 8. On or about May 20, 2022, petitioner entered the United States without inspection as a minor with her family, and she was briefly detained by the Department of Homeland Security ("DHS"). Id. at 2. On May 22, 2022, DHS issued a warrant (Form I-200), which stated petitioner was "taken into custody as authorized by section 236 of the Immigration and Nationality Act" ("INA") and a Notice to Appear (Form I-862), charging petitioner as subject to removal pursuant to section 212(a)(6)(A)(i) of the INA as "an alien present in the United States who has not been admitted or

paroled." Id. at 2; ECF No. 1-1 at 6, 10. DHS also issued a Notice of Custody Determination (Form I-286) on that date, indicating that petitioner was released on her own recognizance "[p]ursuant to the authority contained in section 236 of the [INA]." ECF No. 1 at 2, 19; ECF No. 1-1 at 12. Since being released, petitioner has continuously resided within the United States. ECF No. 1 at 8; ECF No. 9 at 8.

On January 24, 2026, petitioner was arrested and charged with driving under the influence of alcohol ("DUI") – 1st offense in 10 years, a misdemeanor. ECF No. 1 at 3; ECF No. 8-1 at 2; ECF No. 8-2 at 4. On January 29, 2026, Immigrations and Customs Enforcement ("ICE") took petitioner into custody from the jail. ECF No. 1 at 3; ECF No. 8-1 at 2-3. The rap sheet submitted with respondent's response reflects that the DUI charge has not been adjudicated and that petitioner does not have any other criminal history. ECF No. 8-2.

On June 9, 2026, an immigration judge ordered petitioner removed, and she appealed that decision to the Board of Immigration Appeals; the appeal remains pending. Petitioner is being detained at the California City Immigration Processing Center. ECF No. 1 at 8.[1]

II. Procedural History

On April 21, 2026, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging her detention. ECF No. 1. By order dated April 28, 2026, the undersigned directed respondents to show cause why the writ should not be granted by filing an answer/return to the petition, in accordance with 28 U.S.C. § 2243, and ordered that respondents shall not transfer petitioner outside this judicial district pending further order of the court.[2] ECF No. 7.

---

[1] The court takes judicial notice of the information provided on the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage, available at https://acis.eoir.justice.gov/en/ (last visited Nov. 3, 2026), and the information provided on the Immigration and Customs Enforcement Online Detainee locator, available at https://locator.ice.gov/odls/#/search (last visited Nov. 3, 2026). See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[2] The petition also sought relief for another petitioner, and the court's order dated April 28, 2026, ordered that the claims for that petitioner be severed and filed under a separate case number. ECF Nos. 1, 7.

Respondents filed a response, and petitioner filed a traverse. ECF Nos. 8, 9. Respondents subsequently filed a motion to lift the no transfer order, but withdrew the motion after petitioner presented evidence that she had timely appealed the removal order to the BIA. ECF Nos. 10, 11. 12, 13.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas v. Davis, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

A. Overview

The petition asserts four claims for relief. ECF No. 1. In Claim One, petitioner asserts that her re-detention under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2), after having been initially detained under 8 U.S.C. § 1226(a), violates the INA. Id. at 18-20. In Claim Two, petitioner asserts that her re-detention without a bond hearing or other individualized determination as to risk of flight or dangerousness violates her procedural due process rights under the Fifth Amendment. Id. at 20-24. In Claims Three and Four, petitioner asserts that respondents' imposition of new detention policies after her entry and release in 2022 pursuant to INA § 236 (8 U.S.C. § 1226) and failure to consider the reliance interest created by that release

violates ex post facto principles and the Administrative Procedure Act. Id. at 24-25. By way of relief, petitioner seeks an order (1) declaring that she may only be detained pursuant to 8 U.S.C. § 1226, not 8 U.S.C. § 1225, and that her continued detention without a bond hearing violates the INA and the Due Process Clause of the Fifth Amendment; (2) ordering respondents to provide a bond hearing at which respondents bear the burden of demonstrating that continued detention is justified by clear and convincing or granting her immediate release; (3) awarding attorney's fees and costs under the Equal Access to Justice Act; and (4) granting such other and further relief as the court deems just and proper. Id. at 25-26; ECF No. 15.

In response, respondents maintain that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as an "applicant for admission." ECF No. 8 at 1-2. While recognizing cases in this district to the contrary, respondents further argue that "[t]he due process claims of applicants for admission are coextensive with the applicable detention statute." Id. at 2-3. Citing DHS v. Thuraissigiam, 591 U.S. 103 (2020), and Shaughnessy v. United States ex rel. Mezei, 345 U.S. 206 (1953), respondents argue that petitioner is detained under 8 U.S.C. § 1225(b)(2) as an "applicant for admission" who "has only those rights regarding admission that Congress has provided by statute" and "the Due Process Clause provides nothing more." Id. at 2. Respondents further argue, citing Banyee v. Garland, 115 F.4th 928 (8th Cir. 2024), that the balancing test announced in Mathews v. Eldridge, 424 U.S. 319 (1976), is not applicable because Zadvydas, 533 U.S. 678, and Demore v. Kim, 538 U.S. 510 (2003), "have already done whatever balancing is necessary." Id. at 2 n.2. Respondents also assert that petitioner "does not have a liberty interest in remaining out of custody during the pendency of removal proceedings" because she had an encounter with law enforcement and her release was terminated because of that encounter. Id. at 3.

In reply, petitioner highlights that many courts, including this one, have rejected respondents' new statutory interpretation regarding application of 8 U.S.C. § 1225(b)(2) to noncitizens who, like petitioner, were already in the country when apprehended, particularly where petitioner was encountered by immigration authorities and released on her own recognizance under 8 U.S.C. § 1226 and respondents now seek to retroactively classify her

detention under 8 U.S.C. § 1225(b)(2). ECF No. 9 at 3-7, 9-11. Petitioner further asserts that respondents' reliance on Thuraissigiam and Mezei is misplaced, as those cases are factually distinguishable and Thuraissigiam concerned noncitizens' rights regarding admission, not detention. Id. at 7-9. Petitioner maintains that several courts, including the Ninth Circuit Court of Appeals, have applied the Mathews tests to noncitizens' due process claims, and consideration of the Mathews factors weighs heavily in petitioner's favor. Id. at 9, 14-15 (citing Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022)). Petitioner argues that, while her unadjudicated arrest for DUI may be "a triggering event for further inquiry," it does not support mandatory detention, as respondents contend; rather, to revoke release in accordance with 8 U.S.C. § 1226(b), respondents were required to make an individualized determination of changed circumstances bearing on petitioner's risk of flight or dangerousness, and the arrest must be on the original warrant, i.e., under the same 8 U.S.C. § 1226(a) detention authority, which requires an individualized assessment of flight risk and danger. Id. at 12-14.

For the reasons discussed below, the undersigned finds that (1) petitioner's re-detention on January 29, 2026, violated the INA, and it is recommended that the petitioner be granted on Claim One; and (2) petitioner's re-detention on January 29, 2026, violated her procedural due process rights, and it is recommended that the petition be granted on Claim Two.

B. Claim One: Violation of the INA

The Ninth Circuit recently resolved the parties' dispute with respect to the governing detention statute for noncitizens like petitioner. In Rodriguez Vazquez v. Bostock, the Ninth Circuit held that "noncitizens present without admission who are apprehended in the interior of the United States"—like petitioner—"are subject to the detention regime of § 1226(a) not § 1225(b)(2)(A)." 183 F.4th 1160, 1165, 1193 (9th Cir. 2026). For the past year, this court has maintained the same. Lepe v. Andrews, 801 F. Supp. 3d 1104 (E.D. Cal. 2025); see also Selis Tinoco, No. 1:25-cv-1762 DC JDP, 818 F. Supp. 3d 1141, 1149-51 (E.D. Cal. 2025); Alvarez Maciel v. Noem, No. 1:26-cv-1318 DC CKD, 2026 WL 496948, at *3-4 (E.D. Cal. Feb. 23, 2026). Adopting and incorporating the reasoning in those cases, the undersigned rejects respondents' argument to the contrary, finds petitioner's detention under § 1225(b)(2)(A) and

resultant deprivation of a bond hearing pursuant to § 1226(a) was unlawful, and recommends that the petition be granted on petitioner's INA claim.

C. Claim Two: Violation of Procedural Due Process under the Fifth Amendment

The Fifth Amendment Due Process Clause protects persons in the United States from being "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693 (citations omitted). These due process rights extend to immigration proceedings, including detention and deportation proceedings. Id. at 693-94; see also Demore, 538 U.S. at 523.

Courts examine procedural due process claims in two steps: the first is to determine whether there exists a protected liberty interest under the Due Process Clause, and the second is to examine the procedures necessary to ensure that any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

i. Liberty Interest

As for the first step, the undersigned finds petitioner has shown she has a protected liberty interest. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Yovani M.D. v. Warden of the Central Valley Annex Detention Facility, No. 1:26-cv-05648 TLN AC, 2026 WL 2168402, at *3 (E.D. Cal. July 27, 2026) (quoting Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025)). "Although in some circumstances the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release]." Pinchi, 792 F. Supp. 3d at 1032 (quoting Morrissey v. Brewer, 408 U.S. 471, 482 (1972)).

The undersigned rejects respondents' argument that Thuraissigiam and Mezei establish that petitioner's rights are "coextensive with the applicable detention statute," which respondents erroneously assert is 8 U.S.C. § 1225(b)(2), and are limited to those provided by Congress. ECF No. 8 at 2-3. As the undersigned explained in Ballen-Ramirez, "Thurassigiam's holding is inapplicable in a § 2241 habeas petition because petitioner is not challenging his admissibility into this country, he is challenging the constitutionality of his detention" and "Thuraissigiam is also materially distinguishable because petitioner was permitted to pass through our gates and is a person who has been living within the United States for years and as such entitled to Due Process under Zadvydas." Ballen-Ramirez v. Warden of Golden State Annex Det. Facility, No. 1:26-cv-2971 DAD AC, 2026 WL 1329861, at *6 (E.D. Cal. May 13, 2026).

The Ninth Circuit also recently rejected the government's broad reading of Thuraissigiam. Padilla v. U.S. Immigr. & Customs Enf't, No. 24-2801, ___ F.4th ___, 2026 WL 2822044 (9th Cir. Sept. 21, 2026). In doing so, the court explained Thuraissigiam "extended the entry fiction a *tiny bit*—to an individual apprehended immediately after entry within 25 yards of the border," but did not extend to "individuals well within the country's borders and present for days, weeks, months, or years." Id. at 11-14 (emphasis added). The Ninth Circuit further explained that Thuraissigiam was a case concerning due process rights regarding "admission," not "detention." Id. at *16-19. After an extensive analysis of Thuraissigiam and Mezei, the Ninth Circuit held that "contrary to the government's contention," "[n]oncitizens who arrive illegally and are found away from the border well after arrival are protected from arbitrary detention in violation of the Due Process Clause." Id. at 10-19.

Here, it is undisputed that petitioner was released on her own recognizance in May 2022 in accordance with INA § 236 (8 U.S.C. § 1226) and remained out of custody within the United States until her re-detention in January 2026. By permitting petitioner to remain at liberty for over three and a half years, the government enabled her to develop a protected liberty interest in her continued release and to form "enduring attachments of normal life." See Morrissey, 408 U.S. at 402. Therefore, petitioner's original release and time out of custody gave rise to a constitutionally protected liberty interest.

ii. Procedures Required

Having determined that a liberty interest exists, the court must examine what process is due. See Kentucky Dep't of Corrs., 490 U.S. at 460 (the court "first asks whether there exists a liberty or property interest which has been interfered with" and then "examines whether the procedures attendant upon that deprivation were constitutionally sufficient"). To determine what process is due in this context, this court has routinely found it appropriate to consider the three factors set forth in Mathews:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews, 424 U.S. at 335; Rodriguez Diaz, 53 F.4th at 1206-07 ("assum[ing] without deciding that Mathews applies" because "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"); see also, e.g., Labrador-Prato v. Noem, No. 1:25-cv-1598 DC SCR, 815 F. Supp. 3d 1113, 1121-22 (E.D. Cal. 2025) (applying the Mathews test to the noncitizen's due process claim); Selis Tinoco, 818 F. Supp. 3d at 1151-53 (same).[3]

With respect to the first Mathews factor, petitioner has a strong private interest in remaining free from detention. See Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the

---

[3] Respondents cite Banyee v. Garland, 115 F.4th 928 (8th Cir. 2024), and Rodriguez Diaz, 53 F.4th 1189, to argue that petitioner's detention during removal proceedings is constitutionally valid and there is no need to engage in a reasonableness test such as that set forth in Mathews. ECF No. 8 at 2 n.2. Banyee is not binding on courts in the Ninth Circuit, and the undersigned declines to adopt its reasoning. Rodriguez Diaz also does not support respondents' position. There, the Ninth Circuit considered a due process challenge brought by an immigration habeas petitioner and stated that his "claims fail even under the Mathews test, which is presumably more favorable to him than the test the government seeks. Thus, we assume without deciding that Mathews applies here." Rodriguez Diaz, 53 F.4th at 1207. Rodriguez Diaz did not hold that the Mathews test is inapplicable to immigration detainees like petitioner, and "it is axiomatic that cases are not authority for propositions that are not considered." Godinez-Flores v. Grounds, 2014 WL 3362189, at *6 (N.D. Cal. July 7, 2014).

liberty that [the Due Process] Clause protects."). Petitioner encountered immigration authorities in May 2022 as a minor and was served with a Notice to Appear, a warrant, and a Notice of Custody Determination reflecting that she was released on her own recognizance in accordance with INA § 236 (8 U.S.C. § 1226) on May 22, 2022. ECF No. 1 at 2-3, 8; ECF No. 1-1 at 10, 12. She remained out of custody for over three and a half years prior to her re-detention, residing within the United States. Petitioner's release on her own recognizance was premised upon a finding that, at the time of her release, she was not dangerous or a flight risk. See 8 C.F.R. § 1236.1(c)(8) ("Any officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien not described in [8 U.S.C. § 1226](c)(1), under the conditions at section [8 U.S.C. § 1226](a)(2) and (3) of the Act; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."). This factor therefore weighs strongly in petitioner's favor.

The second factor, the risk of erroneous deprivation, also weighs in petitioner's favor. Considering that petitioner has been detained for over nine months without being provided a bond hearing, the risk of erroneous deprivation is high and concerning. See A.E. v. Andrews, No. 25-cv-0107 KES SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) ("The risk of an erroneous deprivation of [a petitioner's] interest is high where [h]e has not received any bond or custody redetermination hearing[.]" (alterations in original) (citation and internal quotation marks omitted)); R.D.T.M. v. Wofford, No. 1:25-cv-01141 KES SKO, 2025 WL 2617255, at *4 (E.D. Cal. Sept 9, 2025) ("Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community." (alteration in original) (citations omitted)).

While respondents contend that petitioner's unadjudicated DUI arrest led to her re-detention, they do not affirmatively argue that petitioner is a flight risk or danger to public safety. Importantly, no neutral arbiter has made such a determination. Nor do respondents point to any reason why a pre-deprivation hearing could not have been held, and they provide no evidence of "urgent concerns," warranting petitioner's re-detention without a hearing, thus, "a pre-deprivation

hearing is required to satisfy due process." Guillermo M.R. v. Kaiser, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025). It is not this court's role to determine whether petitioner is a danger or flight risk, and, while a neutral decisionmaker *could* make such a determination at a properly noticed hearing, the failure to provide such a hearing in over nine months of custody presents a serious risk that petitioner has been erroneously deprived of her liberty interest. Moreover, without any procedural safeguards to determine whether her re-detention was justifiable, the probative value of additional procedural safeguards is high.

Finally, while the government has an interest in enforcing its immigration laws, the government's interest in detaining petitioner without a hearing is low, and the effort and cost required to provide petitioner with procedural safeguards are minimal. See Garcia v. Andrews, No. 2:25-CV-01884 TLN SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Detention hearings are routine procedures in immigration proceedings that impose minimal cost and effort on the government. See Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).

For these reasons, the undersigned finds that the government's interest in detaining petitioner without a hearing is low and does not outweigh petitioner's substantial liberty interest or the high risk of erroneous deprivation of liberty. Respondents were required to provide petitioner with a pre-deprivation hearing prior to revoking her release, and the failure to do so violated her due process rights. See, e.g., Singh v. Blanche, No. 1:26-cv -07902 DAD AC, 2026 WL 3028148 (E.D. Cal. Oct. 8, 2026) (concluding that "petitioner's re-detention without a *pre*-detention hearing violates due process because petitioner obtained a liberty interest in his continued freedom when immigration officials previously released him").

D. Remedy

Because petitioner has been detained for over nine months without the procedure due to her under 8 U.S.C. § 1226(a), despite being arrested on a warrant under § 236 of the INA, the appropriate remedy for the statutory violation is to release her from unlawful custody. See, e.g., Dinesh S. v. Chestnut, No. 1:26-cv-01717 TLN EFB, 2026 WL 1028016, at *2 (E.D. Cal. April 16, 2026) (finding that "[i]t has been clear since ICE arrested Petitioner on a warrant pursuant to § 236 of the INA that the Government's authority for his detention derives from

§ 1226(a), not § 1225(b)(2)" and, given the government's lengthy deprivation "of the process owed him under that statute" . . . "The appropriate remedy for this violation is not to bring the Government into conformity with its governing statutes; it is to release Petitioner from unlawful custody"); Mayen v. Warden, California City Detention Center, No. 1:26-cv-2354 DAD AC, 2026 WL 1067525 (E.D. Cal. Apr. 20, 2026), report and recommendations adopted, 2026 WL 1158217 (Apr. 29, 2026) (recommending release and an injunction against unlawful re-detention based on a finding that petitioner was detained in violation of the INA).

The undersigned further finds that the remedy for the constitutional violation in this case is petitioner's immediate release from immigration detention. Petitioner had a due process right to a *pre*-deprivation which cannot be remedied by a post-deprivation hearing more than nine months after her re-detention. See Castillo Ramirez v. Chestnut, No. 1:26-cv-06319 DAD JDP, 2026 WL 2391376 (E.D. Cal. Aug. 17, 2026) (citing Quijay Garcia v. Mattos, 2026 WL 1972386, at *5-8 (D. Nev. Jul. 8, 2026) ("a post-deprivation bond hearing before an IJ is structurally inadequate to cure the risk of erroneous deprivation created by the lack of pre-deprivation process under the government's current procedures")); Zurita Navarro v. Warden, No. 1:26-cv-05661 DAD SCR, 2026 WL 2294963 (E.D. Cal. Aug. 9, 2026) (ordering release for a noncitizen who was encountered by immigration authorities following his arrest by local law enforcement and was not provided pre-deprivation 1226(a) procedures); Mendoza v. Adelanto ICE Processing Center Warden, No. 5:26-cv-02144, 2026 WL 1480247, at *4 (C.D. Cal. May 22, 2026) ("[A]llowing the government to 'cure' such a violation by providing a post-detention hearing would effectively render any holding that a pre-detention hearing is required meaningless. The government could always wait until a habeas petition is filed and then offer to hold a hearing."); Martinez Lopez v. Dep't of Homeland Sec. et al., No. 25-cv-03607, 2026 WL 1365980, at *7 (C.D. Cal. Apr. 23, 2026) ("a post-detention bond hearing would offer little more than cold comfort to Petitioner, whose erroneous deprivation of liberty, along with the concomitant damage to his mental health and impact on his family, has already taken place") (citation modified); Selis Tinoco, 818 F. Supp. 3d at 1153-54 (ordering immediate release of noncitizen based on the "likelihood of success on the merits that due process requires a bond

hearing prior to [the petitioner's] re-detention"); Labrador-Prato, 815 F. Supp. 3d at 1122-23 (same). While petitioner's DUI arrest could constitute a materially changed circumstance "that would warrant detention . . . due process requires that assertion be tested at a hearing that meets constitutional requirements." Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914, at *2 (E.D. Cal. Dec. 8, 2025).[4]

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:
   a. Respondents shall IMMEDIATELY RELEASE petitioner MICHELL LORENA PERDOMO AMAYA, A-240-875-820, with the same conditions she was subject to immediately prior to her detention on January 29, 2026. At the time of release, respondents must return all of petitioner's documents and possessions.
   b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
   c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.
2. The order not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.
3. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of her supervision are the same as those to which she was subject prior to her January 2026 detention.

[4] Because relief is appropriate on Claims One and Two, the court declines to address petitioner's other claims, as they seek the same or similar relief (*i.e.*, petitioner's immediate release).

4. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 3, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE